UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY SANDERSON, ET AL., | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| | ) | 3:07-CV-0425-G |
| VS. | ) | |
| | ) | CONSOLIDATED WITH |
| BASIL HYDER, ET AL., | ) | 3:07-CV-0840-G |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs, Grady and Tracy Sanderson ("the plaintiffs" or "Sanderson"), to remand ("the motion to remand") this case to the state district court from which it was previously removed. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

This case stems from a vehicular accident in which the plaintiffs' vehicle struck a truck being driven by Basil Hyder ("Hyder"), a named defendant in this action. At the time of the accident, Hyder was employed by the defendant Swift Transportation Company, Inc. ("Swift" or "the defendant"). On February 13, 2007, the plaintiffs

filed their original petition in the 68th Judicial District Court of Dallas County, Texas. *See generally* Notice of Removal [filed in Civil Action Number 3:07-CV-0425-G] ¶ 5. Swift timely removed the case to this court on March 7, 2007, alleging subject matter jurisdiction on the basis of diversity of citizenship (*Sanderson I*). *Id*. ¶ 7. On April 1, 2007, the plaintiffs moved to remand this case on the basis that Swift had not demonstrated that its principal place of business is a state other than Texas.

On April 9, 2007, the plaintiffs filed a related suit in the 134th Judicial District Court of Dallas County, Texas against defendants Hyder, Swift, S.T. Swift Transportation Co., Inc., M.S. Carriers, Inc., Sparks Finance Co., Inc., and Sparks Financial Group, Inc. seeking compensation for personal injuries and damages arising from the accident. *See generally* Notice of Removal [filed in Civil Action Number 3:07-CV-0840-M] ¶ 5. On May 11, 2007, defendants Swift, S.T. Swift Transportation Co., Inc., and M.S. Carriers, Inc. ("removing defendants") removed that case because of diversity jurisdiction (*Sanderson II*). *Id*.

On May 16, 2007, this court denied the plaintiffs' motion to remand in *Sanderson I*, ruling as follows --

> Undoubtedly, Swift's principal place of business is Arizona. In this far-flung business operating in more than a dozen states, the nerve center serves as the best appraisal of Swift's principal place of business. Accordingly, the plaintiffs and the defendant are of completely diverse

citizenship and removal under 28 U.S.C. § 1441 was proper.

Memorandum Opinion and Order dated May 16, 2007 at 7.

On May 23, 2007, this court consolidated *Sanderson I* and *Sanderson II*. On June 11, 2007, the plaintiffs filed the instant motion to remand, arguing that removal was defective because Hyder failed to give written consent to the removal. Motion to Remand filed on June 11, 2007 ("Motion to Remand II") at 1.

## II. ANALYSIS

### A. Legal Standard for Remand

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex.1992); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000. *See* 28 U.S.C. § 1332(a).

Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiffs' pleading at the time of removal. *State of Texas v. Alliance Employee Leasing Corporation*, 797 F.Supp. 542, 544 (N.D. Tex. 1992). If the court can make this determination by reference to the plaintiffs' complaint alone, the court need not go further. However, should a district court need to go beyond the pleadings to assess the propriety of removal, it may do so. *Id.*

As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all defendants consent to the removal. *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991). This unanimous consent rule is applicable in cases of diversity of citizenship jurisdiction as well as cases of federal

question jurisdiction. *Id.*; see also *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 431 F.Supp.2d 109, 117-18 (D. Mass. 2006). There are, however, several exceptions to the unanimity rule. Removing defendants need not obtain consent from nominal or unnecessary defendants, see *Farias*, 925 F.2d at 871, or from defendants who have not been served at the time of removal, see *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992). Here, the removing defendants allege that Basil Hyder's consent was not required because Hyder was not properly served at the time of removal.

### B. Improper Service of Process

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual "pursuant to the law of the state in which the district court is located . . . ." FED. R. CIV. P. 4(e)(1). Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age and who is not a party to or interested in the outcome of the suit may serve any process. *Id.* Under Texas Rule of Civil Procedure 106(a)(2), a person authorized by Texas Rule of Civil Procedure 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

A return receipt for a citation served by certified mail must contain the addressee's signature. *See* TEX. R. CIV. P. 107. If the return receipt is not signed by

the addressee, the service of process is defective. *Ramirez v. Consolidated HGM Corporation*, 124 S.W.3d 914, 916 (Tex. App.--Amarillo 2004, no pet.); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.--San Antonio 2001, pet. denied). Here, Hyder was served via certified mail on April 16, 2007. The return receipt was signed by Patricia Riddle, not the addressee Hyder. If the return receipt does not contain the addressee's signature, the service of process is defective. *Ramirez*, 124 S.W.3d at 916; *Keeton*, 53 S.W.3d at 19. Since Hyder's signature is not on the return receipt, the service of process was defective.

Because Hyder had not been properly served, it was unnecessary for removing defendants to obtain his consent before removing the case to this court.

### III. CONCLUSION

For the reasons stated above, the motion to remand is **DENIED**.

**SO ORDERED**.

December 17, 2007.

_____
**A. JOE FISH**
**Senior United States District Judge**